# PREROGATIVE COURT

## JUNE TERM, 1848.

7   215
65   342

### In the matter of the will of ISAAC LAWRENCE.

J. L., a resident in New York, died there insolvent in July, 1841, leaving a writing purporting to be a will, but which was refused probate as such (under a statute of New York, which provides that the cancelling of a subsequent will shall not revive a prior one which had been retained uncancelled) on the ground that the said writing had been revoked by a subsequent will; which subsequent will had been cancelled. Administration of the estate of J. L. was granted in New York to J. L. L., who was named in the said writing as one of the executors thereof. There being lands in New Jersey which the decedent in his lifetime owned, a creditor of the decedent, residing in New Jersey, obtained letters of administration in this State, and obtained an order for the sale of the said lands. W. B. L., with the approbation of J. L. L., obtained an act of the Legislature of New York, authorizing the Surrogate of the City of New York to deliver the said writing to him. W. B. L. obtained the said writing from the Surrogate of New York, and it was admitted to probate in New Jersey, by the Ordinary, on the 7th of April, 1848. On the petition of J. A. P., a person interested in the estate, presented to the Ordinary April 18, 1848, the probate was vacated on the ground that the notice of application for probate, required by statute, had not been given. The question of the validity of the writing as a will, in New Jersey, was not decided.

On the 7th April, 1848, probate of the will of Isaac Lawrence was granted by the Ordinary.

On the 18th April, 1848, the petition of John A. Pool was presented to the Ordinary, stating that Isaac Lawrence died in July, 1841, leaving a widow and several children, his heirs at law, him surviving. That at the time of his death, and for many years previous thereto, he was a resident of the State of New York.

That on his death an application was made to the Surrogate of the City of New York to obtain probate of a certain alleged will of the said Isaac Lawrence, and that probate thereof was refused on·the ground that the said will had been revoked by a subsequent will; which subsequent will had also been revoked by cancellation or otherwise, as the petitioner has been informed and therefore admits. That letters of administration were thereupon issued by the said Surrogate of the City of New York to John L. Lawrence, then and still of that city, who is named as one of the executors in the said alleged will, and who proceeded to settle the said estate by due course of administration; and that such estate proved largely insolvent.

That the petitioner presented, for allowance and settlement, claims against the estate to the amount of $14,000 or thereabouts; that the said amount was, upon due investigation, allowed him; and he has received about $4,000 thereof, leaving due to him $10,000, with interest.

That Isaac Lawrence died seized of real estate in the county of Somerset, in this State; and the said John L. Lawrence having neglected for several years to apply such real estate in this State to the purposes of such administration, an application was made by P. Z. Elmendorf, a creditor of the said estate to the amount of $1,500, for letters of administration in this State; and that such letters were granted by the Surrogate of Somerset County in this State to Fred. Frelinghuysen, who proceeded to apply such real estate to the purposes of said administration, and received and audited such claims as were presented; and among others, this petitioner made a claim for this said unpaid balance, which was allowed.

That by a decree of the Orphans' Court of Somerset County the said lands were sold by the said administrator, F. F., for the payment of such debts as were audited as aforesaid, to Peter Connover, at public sale, which sale was confirmed by the said court, and a conveyance of the said land to the said purchaser was ordered by said Orphans' Court.

That the petitioner, being informed that it was designed to present, in this State, such rejected will for probate, gave notice of his interest in the said estate to the Surrogates of Somerset

and Middlesex, and of his intention to contest the probate of the said will, if the same should be presented for probate.

That, within a few days last past, the petitioner has learned that the said alleged will has been presented to the Ordinary and Surrogate General of this State for probate, and proved, as the petitioner avers, with a knowledge on the part of the applicant for such probate that such administration had been granted in this State, and such sale decreed and made.

That the petitioner intermarried, in the lifetime of said Isaac Lawrence, with Harriet, one of his daughters and heirs at law ; and that application for such probate was made without any previous notice to him or his said wife.

The petition prays that the probate granted by the Ordinary may be vacated and annulled ; and that, in the meantime, all proceedings under such probate be suspended until the further order of the Ordinary in the premises.

On this petition an order was made by the Ordinary, on motion of Wm. H. Leupp, of counsel for the petitioner, that Wm. B. Lawrence, to whom letters testamentary were granted by the Ordinary, shew cause, on the 8th of May, 1848, at the Chambers of the Ordinary, in Newark, why the order admitting the said alleged will to probate should not be vacated ; and that all further proceedings on such probate be stayed until the further order of the Ordinary ; and that a copy of the said petition, and of the said order, be served within ten days on the said William B. Lawrence.

On the hearing, the affidavit of Wm. B. Lawrence, Jun., was read in opposition to the motion, stating that the estate of the deceased is indebted to him in $250,000 for the balance due him on a decree obtained in his favor against the said estate in the Surrogate's Court of the County of New York for $403,759 76, and that he is also attorney for Prime, Ward & King, whose claim was adjudged at $29,138 87.

That he has good reason to believe, and does believe, that at the death of the said I. Lawrence, July 12, 1841, John A. Pool was indebted to him, and is now indebted to his estate, in $30,-000, or thereabouts, in addition to the sums of money actually paid by the said decedent for the support of the said Pool and

14

his family for several years previous to the death of the said Lawrence.

That he learned that Pool denied his indebtedness to the said estate, and claimed to be a creditor, and that he had, in the absence of any opposing interest, established a claim against the said estate, before the Surrogate of the City of New York, for $14,275 61, this deponent, on the 11th December, 1847, filed his bill as a creditor of the said estate against the said Pool, in the Supreme Court of New York, in Equity, praying, among other things, for an injunction restraining Pool from collecting such alleged debt, or any part of it, which injunction was granted and is still in full force; and that no attempt has been made to dissolve the same.

That about the time of filing his said bill, he accidentally discovered that the said Pool, and one P. Z. Elmendorf, had procured one F. Frelinghuysen, of Somerset, New Jersey, to take out letters of administration upon the estate of the said decedent as in case of intestacy; and that the said Pool and Elmendorf claimed to have sold the real estate of the said decedent under proceedings in the Orphans' Court of Somerset County, for their own exclusive benefit, to the exclusion of this deponent and other creditors of the said decedent. He states that all the said proceedings were carried on without any notice having been given to him, and without his having any knowledge thereof till after the said pretended sale.

He says he is advised by his counsel and believes, that the said proceedings are irregular and void; and says that the same were undertaken and carried on, as he believes, with a design on the part of Pool to defraud him and the other creditors; and that he is informed and believes that the said pretended sale has never been completed.

He says that he is not only willing, but desirous that the said will should be admitted to probate, and that the probate already granted should be confirmed; and that, as the principal creditor of the estate, he consents thereto.

The affidavit of Cornelia B. Lawrence, widow of the decedent, was also read in opposition, stating that she is an executrix named in the will which has been admitted to probate by

the Ordinary. That the probate was applied for at her request; that she was well acquainted with the intentions of her late husband as to his testamentary dispositions; that during his last illness he repeatedly assured her that he had left in full force a will bequeathing and devising to her all his estate, real and personal, referring, as she then understood and now believes, to the will so admitted to probate; and that he never intimated to her any desire or intention to make any change in the said will, except to substitute the name of Cornelia L. Hillhouse as executrix for that of Thos. L. Wells, executor.

Wm. B. Lawrence, by an affidavit read in opposition, says that he, with John L. Lawrence, also an executor of the will, propounded the same for probate to the Surrogate of New York; that the due execution of the said will was fully proved, and that probate would have been granted thereon by the said Surrogate, as was then declared by him, had it not been for a late statute in New York providing that the cancelling of a subsequent will shall not revive a prior one which had been retained by the testator uncancelled. That in consequence of his being advised that the said will was valid in New Jersey, the said J. L. Lawrence, to whom letters of administration were granted in New York, has always, as the deponent is informed and believes, declined to apply for letters of administration in New Jersey.

The deponent says, that having been advised that no effectual title could be made to the real estate in New Jersey, either for the benefit of the devisee or of the creditors, except under the will, he, at the request of Cornelia B. Lawrence, the universal devisee, who was also an executrix named in the will, and of Wm. B. Lawrence, Jun., who represented, in his own right and as agent or attorney for others, 95-100ths of all the valid and subsisting debts due from the estate of the said decedent, applied to the Legislature of the State of New York for an act authorizing the Surrogate of the State of New York to deliver to the persons who had offered the same for probate, or either of them, the said will, for the purpose, as stated in this deponent's petition, of having the same established in New Jersey; and that, accordingly, a law was enacted, with the knowledge and approbation of the said John L. Lawrence, who was a senator of said State, and effectually contributed to its passage, by virtue of

which the said Surrogate delivered the said will to this deponent,· and he offered it to the Ordinary and Surrogate General of New Jersey for probate.

He says that in his last interview with the decedent, which took place a few days before his death, the testator exhibited to this deponent the said will, which he declared to be his last will, further saying that he contemplated no change therein, except to substitute the name of his daughter, Cornelia L. Hillhouse as executrix for that of his son-in-law, Thos. L. Wells. ·That, so far from the said decedent's having any intention to die intestate, he at all times, during the last year of his life, declared to this͜deponent that he deemed it all important to his family that, in the event of his death, the disposition made by his will should take effect, so that every thing might be carried on in the same way as if he were living, and the sacrifices of his real estate from compulsory sales be avoided.

He says that the existence of the said will was known to Pool and Elmendorf when the attempts were made by them, in fraud of the devisee and of the rest of the creditors, to cause letters of administration to be granted by the Surrogate of Somerset, and to sell the real estate as in case of insolvency. That no notice was given to him or to said Cornelia B. Lawrence, or, as far as his knowledge extends, to any other person interested in the estate, with reference to any intention to apply for the said letters of administration, or the sale of said real estate ; and that he was ignorant of all the said proceedings until about the time he applied to the Legislature of New York for the act aforesaid.

He says that both Pool and Elemendorf had applied to and received from the administrator in New York, and from the Surrogate of the County of New York, previously to the said proceedings in New Jersey, the same dividends as the other creditors who had established their claims in New York, and whom they have fraudulently attempted, by the said pretended proceedings, to exclude from all participation in the proceeds of the real estate in New Jersey. That Elmendorf has subsequently received dividends from the said Surrogate; and that dividends have been adjudged to the said Pool, which he has been restrained from receiving by an injunction issued out of the

Supreme Court of New York, in Equity, in a suit instituted for the purpose of setting aside, on the ground of fraud, the decree rendered in his favor in the Surrogate's Court aforesaid, and which injunction is still in force.

That as soon as he was aware of the said pretended letters of administration granted in New Jersey, he caused the said Frelinghuysen to be apprised of the said will, and of his intention to present the same for probate ; and that in consequence thereof, as he has been informed and believes, the said Frelinghuysen has refused, and still refuses, to complete the said pretended sale made by him of the said real estate.

That until he was served with the order made in this matter, and the petition on which it was founded, he was never apprised of any intention on the part of the said Pool, or of any other person, to contest the probate of the said will ; or of the said Pool, or any other person, having given notice to the Surrogates of Somerset and Middlesex, or either of them, to that effect.

The will gives and devises all his estate, real and personal, whatsoever and wheresoever, to his wife, Cornelia B. Lawrence, her heirs, executors, administrators and assigns, after the payment of his debts and testamentary charges.

The reading of the foregoing affidavits was objected to, and they were read subject to the decision of the Ordinary as to the propriety of receiving them.

*Wm. H. Leupp* for the Motion.

*J. J. Chetwood,* contra.   He cited *Toller on Ex'rs.,* 17 ; 1 *Cowp.* 87, 92.

THE ORDINARY.   I am unwilling to let this probate stand. The second section of the act respecting the Prerogative Court, (*Rev. Stat.* 203,) provides that probate of any will shall not be granted by the Ordinary until proof be made, to his satisfaction, that no caveat against proving such will hath been filed in the office of the Surrogate of the county where the testator resided at the time of his death, or that notice hath been given to all persons concerned of the application to the Ordinary for such

probate. The last clause, requiring notice, is in general terms, and cannot be confined to wills of testators who resided in this State at the time of their death. What the notice should be of an application to the Ordinary for probate of a foreign will I need not now say ; it may be that the Ordinary would consider notice by publication in one or more newspapers sufficient; if so, the Ordinary should be first applied to for an order directing such publication. But in this case no notice of any kind was given to persons in this State interested in the estate of the decedent.

Again, whether a writing made by one residing in New York, and who afterwards died there, which is not a will in New York, can be a will in reference to property in New Jersey owned by the decedent at the time of his death, is a question which the Ordinary would not be willing to decide without proper notice to all parties, giving an opportunity for solemn argument.

<div align="right">

*Probate vacated.*